UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSHUA JAMES RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF MINNESOTA,<br><br>    Defendants. | Civil No. 10-2620 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts that would, if proven true, entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff apparently is attempting to sue the individual members of the University of Minnesota Board of Regents. However, Plaintiff has clearly failed to state an actionable claim for relief against any of the Defendants, because his complaint does not describe anything that any of them did, or failed to do.

Plaintiff's complaint describes a series of events that allegedly occurred while he was on the campus of the University of Minnesota. Some of those events apparently involved University police officials, faculty, and students. However, there are no allegations describing any specific acts or omissions by any of the Regents of the University of Minnesota. Plaintiff's complaint does not describe anything that any of the individual Regents allegedly did, or failed to do, that could cause any of the Regents to be liable to Plaintiff under any legal theory. Thus, the Court finds that Plaintiff had failed to state a cause of action on which relief can be granted.

Because Plaintiff has failed to plead an actionable claim against the named Defendants, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 4 , 2010             s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 18, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.